UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DANIEL TEKLEMARIAM HAGOS,

     Petitioner,

 v.

STATE OF WASHINGTON,

     Respondent.

Case No. 2:23-cv-127-JNW-TLF

REPORT AND RECOMMENDATION

NOTED FOR MAY 5, 2023

Petitioner Daniel Teklemariam Hagos, who is unrepresented and proceeding *in forma pauperis*, filed an amended petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. *See* Dkt. 9. Having reviewed the petition, the Court declines to order respondent to file an answer as the petition is not properly before the Court. The Court previously ordered petitioner to cause why this petition for habeas corpus should not be dismissed without prejudice. The petition remains unexhausted, and it challenges a criminal case that is ongoing in King County Superior Court. Therefore the Court should dismiss the petition without prejudice for failure to exhaust state remedies, and under the doctrine of *Younger v. Harris*, 401 U.S. 37, 46 (1971). The Court should also order that a certificate of appealability (COA) be DENIED.

**BACKGROUND**

In the amended petition for habeas corpus, petitioner alleges that he should be released from custody because his criminal matter currently pending in King County Superior Court, No. 21-1-00412-4, violates his right to a speedy trial, and that he has

REPORT AND RECOMMENDATION - 1

received ineffective assistance of counsel. Dkt. 9 at 4, 7. He has attached documents to the amended habeas corpus petition showing a personal restraint petition is pending in the Washington State Court of Appeals. Dkt 9, at 9-10.

## DISCUSSION

Under Rule 4 of the Rules Governing Habeas Corpus Cases Under Section 2254 ("Section 2254 Rules"), the Court is required to perform a preliminary review of a habeas corpus petition. The Court should dismiss a habeas petition before the respondent is ordered to file a response, if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." *Id*.

Here, the Petition does not comply with the Rules Governing Section 2241 or Section 2254 Cases. Petitioner has failed (1) to name the King County officer who has custody over petitioner; is raising issues about a criminal prosecuting currently pending in King County Superior Court; and has not exhausted state remedies in the Washington State Court of Appeals and the Washington Supreme Court.

**Exhaustion**

Although there is no exhaustion requirement mandated by 28 U.S.C. § 2241(c)(3), the Ninth Circuit Court of Appeals has held exhaustion is necessary as a matter of comity unless special circumstances warrant federal intervention prior to a state criminal trial. *Carden v. State of Mont.*, 626 F.2d 82, 83–85 (9th Cir. 1980) (the petitioner's speedy trial claim "does not embody a right which is necessarily forfeited by delaying review until after trial"). A state prisoner seeking habeas corpus relief in federal court must exhaust available state remedies prior to filing a petition in federal court. *See* 28 U.S.C. § 2254.

Claims for relief that have not been exhausted in state court are not cognizable in a federal habeas corpus petition. *James v. Borg*, 24 F.3d 20, 24 (9th Cir. 1994). A petitioner must have fully and fairly raised the same federal claim presented in the federal habeas corpus petition, at every level of the state courts' review. *Reutter v. Crandel,* 109 F.3d 575, 578 (9th Cir. 1997). "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).

Petitioner fails to show he exhausted state court remedies by fully and fairly presenting the federal law issues he has asserted in his amended habeas corpus petition, to the King County Superior Court, the Washington State Court of Appeals, and the Washington Supreme Court. Petitioner has also made no showing of special circumstances warranting federal intervention in this case.

**_Younger_ Abstention**

The petition should also be dismissed under the *Younger* abstention doctrine. *Younger*, 401 U.S. at 43–54. Under *Younger*, abstention from interference with pending state judicial proceedings is appropriate when: "(1) there is 'an ongoing state judicial proceeding'; (2) the proceeding 'implicate[s] important state interests'; (3) there is 'an adequate opportunity in the state proceedings to raise constitutional challenges'; and (4) the requested relief 'seek[s] to enjoin' or has 'the practical effect of enjoining' the ongoing state judicial proceeding." *Arevalo v. Hennessy*, 882 F.3d 763, 765 (9th Cir. 2018) (quoting *ReadyLink Healthcare, Inc. v. State Comp. Ins. Fund*, 754 F.3d 754, 758 (9th Cir. 2014)). Federal courts do not invoke the *Younger* abstention if there is a

1  "showing of bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate." *Middlesex Cty Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 435 (1982).

First, petitioner is a pre-trial detainee with ongoing state proceedings. Second, as these proceedings involve a criminal prosecution, they implicate important state interests. *See Younger*, 401 U.S. at 43–44. Third, petitioner has failed to allege facts showing he has been denied an adequate opportunity to address any alleged constitutional violations in the state court proceedings. Last, petitioner raises claims that would effectively enjoin the ongoing state judicial proceeding. As *Younger* abstention applies to petitioner's claim, the petition fails to state a claim upon which relief can be granted.

## CONCLUSION

The Court should order dismissal of this action without prejudice. A proposed order and proposed judgment are attached.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the Clerk is Directed to set the matter for consideration on May 5, 2023 as noted in the caption.

CERTIFICATE OF APPEALABILITY

If the Court adopts the undersigned's Report and Recommendation, it must determine whether a COA should issue. Rule 11(a), Rules Governing Section 2254 Cases in the United States District Courts ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."). A COA may be issued only where a petitioner has made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2)-(3). A petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).

The undersigned recommends that petitioner not be issued a COA. No jurist of reason could disagree with the above evaluation of the petition or conclude that the issues presented deserve encouragement to proceed further considering the failure to exhaust state remedies, and the abstention doctrine under *Younger v. Harris*. Petitioner should address whether a COA should issue in his written objections, if any, to this Report and Recommendation.

Dated this 18th day of April, 2023.

Theresa L. Fricke
United States Magistrate Judge

NOTED FOR MAY 5, 2023 - 5