UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DANIEL TEKLEMARIAM HAGOS,<br><br>　　　　Petitioner,<br><br>　v.<br><br>STATE OF WASHINGTON,<br><br>　　　　Respondent. | CASE NO. 2:23-cv-127<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION |

　　　This matter comes before the Court on United States Magistrate Judge Theresa L. Fricke's Report and Recommendation ("R&R"). Dkt. No. 10. Judge Fricke recommends that this Court dismiss Petitioner Daniel Teklemariam Hagos's 28 U.S.C. § 2254 amended petition for writ of habeas corpus. *Id*.

## BACKGROUND

　　　Judge Fricke granted Hagos leave to proceed *in forma pauperis*. Dkt. No. 6. Hagos petitioned for a writ of habeas corpus. Dkt. No. 7. He is being held at King County Correctional Facility on King County Superior Court Cause No. 21-1-00412-4. *Id*. His first petition did not clearly request release from confinement, but this request can be inferred from his repeated requests to dismiss his King County case. *See* Dkt. Nos. 7, 9. At times, however, Hagos refers to

ORDER ADOPTING REPORT AND RECOMMENDATION - 1

this action as a "Bivens Case!". Dkt. No. 7 at 1. Hagos also seeks $99,000 in "monetary damages." *Id*. at 15.

**1. Order to Show Cause and Petitioner's Amended Petition.**

In response to Hagos's petition, Judge Fricke issued an order to show cause because Hagos failed to identify grounds for habeas relief and his other non-habeas claims, including issues related to the conditions of his confinement and speedy trial. *See* Dkt. No. 8. Judge Fricke ordered Hagos to file an amended petition if he wished to pursue a habeas action. *Id*. at 6-7.

Hagos responded to Judge Fricke's order to show cause with an amended habeas petition that repeatedly stated he had "not been sentenced," gone to trial, or appealed, and that he is still a pre-trial detainee. Dkt. No. 9 at 2–3. As grounds for the amended petition, Hagos alleges several complaints, including the following:

- Fabricated probable cause by a police officer named Moreno;
- 6th Amendment right/violation of speedy trial;
- Violation of Speedy Trial Act;
- Abuse of discretion;
- Ineffective assistance of counsel;
- Fourteenth Amendment Equal Protection Clause and Due process Clause; and
- False imprisonment.

Hagos also alleges that his public defender impersonated a police officer in another case, "*State of Washington v. Hagos Teklemariam*," Cause No. 16-1-00616-3. Hagos claims that he does not trust his public defender and that he is being attacked. *See* Dkt. No. 9 at 7. Hagos also included a letter from the Washington State Court of Appeals regarding his personal restraint petition. Dkt. No. 9 at 9-10.

### 2. Report And Recommendation And Objection.

Judge Fricke's R&R recommends dismissal of Hagos's habeas petition because he challenged a criminal case that is ongoing in King County Superior Court, failed to exhaust his state court remedies, and failed to show facts to overcome the application of the *Younger v. Harris* abstention doctrine. Dkt. No. 10.

Hagos filed a timely objection to the R&R, alleging that the State violated his right to a speedy trial and due process under the Fourteenth Amendment "by failing to investigate." Dkt. No. 11 at 1. He recites facts apparently related to charges against him and alleges that a Seattle Police Department Report included inaccurate and deficient information. *Id*. at 2. Hagos then proceeds to allege vicarious liability against King County, Washington, stating "Plaintiff's motion to [d]ismiss State of Washington Case No. 21-1-00412-4 SEA negligence [c]laim against King County based on Det. Healy's negligent investigation should be granted under Washington law." *Id*. at 3. Finally, Hagos attached several kites from the King County Department of Adult and Juvenile Detention. *Id*. at 5-7.

### 3. Petitioner's Additional Documents.

Hagos filed two additional documents after his objection to the R&R. Dkt. Nos. 12, 13. In the first document, Hagos states that he was attacked in 2020 and suffered injuries and has medical debt because of those injuries. Dkt. No. 12 at 1. Hagos also restates facts that appear to be the basis of the criminal charges against him in King County Superior Court, and he raises issue with, for example, facts in the "Prosecuting Attorney Case Summary." Dkt. No. 12 at 2. Hagos states "[t]here is no [h]ospital papers to show evidence of any assault's [sic] that happened on the date of January 25, 2021." *Id*. He also alleges probable cause was fabricated against him. *See id*. Hagos also rehashes issues with his public defender, stating that she is "giving [i]neffective [a]ssistance [c]ounsel by refusing to set a motion for lack of evidence

against me" and "keeps doing the same [i]neffective [a]ssistance of council [sic] [a]cts just like my previous attorney[]s before her." Dkt. No. 12 at 3. Hagos states that he has filed a lawsuit against his public defender and realleges that he believes that she was a police officer who took the stand at his jury trial in another matter under a different name. *Id*. at 3.

Hagos continues on to cite various legal points, including that his case pending in King County Superior Court has "abused its discretion," as well as alleged violations of the Administrative Procedure Act, Army Regulations, and "RICO." *Id*. at 4-5. Under Hagos's purported Anti-SLAPP statute claims, he alleges that "[t]he City of Seattle [P]olice Department and King County released some of the requested [d]iscovery records but refused to release public records of the officers including Bartel's [sic] Drug Store Employer and Employee." *Id*. at 7. Ultimately, Hagos contends that his state court criminal case—*State of Washington v. Hagos*, Cause No. 21-1-00412-4—should be dismissed, and for Petitioner to be released from incarceration, and request for the "aggressor[]s" to be sent to federal prison. *Id*. at 8.

In the second document Hagos filed, he addresses the statute of limitations for personal injury actions and the historical context of habeas corpus. Dkt. No. 13 at 1–2. Hagos reiterates his past points about Washington's Anti-SLAPP laws, statutory law, Court Rules, Rules of Appellate Procedure, and case law. *Id*. at 2.

**ANALYSIS**

The Court "must determine de novo any part of the magistrate judge's disposition that has been *properly* objected to." Fed. R. Civ. P. 72(b)(3) (emphasis added). Rule 72(b)(2) provides that "a party may serve and file *specific* written objections to the proposed findings and recommendations." (Emphasis added). But "a general objection has the same effect as no objection at all, since it does not focus the Court's attention on any specific issue for review." *Brandon v. Dep't of Corr.*, C21-5417-JCC, 2021 WL 5937685, at *1 (W.D. Wash. Dec. 16,

ORDER ADOPTING REPORT AND RECOMMENDATION - 4

2021) (citing *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)). In order to avoid duplication of efforts by this Court and the Magistrate Judge, "de novo review is not required when a party fails to direct the court to a specific error in the R&R." *Brandon*, 2021 WL 5937685, at *1 (citing *Strawbridge v. Sugar Mountain Resort, Inc.*, 243 F.Supp.2d 472, 475 (W.D.N.C. 2003)).

Here, Hagos filed an objection and two additional documents following Judge Fricke's R&R. Because "[a] document filed pro se is 'to be liberally construed,'" the Court will consider the additional documents to be part of Hagos's objection. *See Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200(2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 104–105 (1976)). But Hagos fails to provide any objection, let alone a specific one, to Judge Fricke's R&R in any of his filings. *See Chea v. Frakes*, C09-5627BHS, 2010 WL 2342542, at *1 (W.D. Wash. June 7, 2010) (dismissing petitioner's general objection to magistrate judge's Report And Recommendation). Thus, Hagos has failed to file a true objection to Judge Fricke's R&R.

Instead, Hagos raises various non-responsive legal theories and factual allegations in his subsequent filings. For example, he alleges constitutional violations related to speedy trial and attempts to litigate facts in his pending state court criminal trial. *See* Dkt. No. 11 at 1-3. Hagos also alleges vicarious liability and negligence without explaining how those theories bear on Judge Fricke's recommendation. *See id*. Hagos repeats this pattern throughout his filings and his lack of any explicit objections, coupled with the hodgepodge of legal and factual issues he does raise, leave the Court guessing what—if any—issue he takes with the R&R. What is clear, however, is that Hagos does not address his failure to exhaust his state court remedies or the *Younger* doctrine, which form the basis for Judge's Fricke's recommendation. This Court "should not have to guess what arguments [a petitioner] depends on when reviewing a magistrate's report." *Lockert v. Faulkner*, 843 F.2d 1015, 1019 (7th Cir. 1988).

ORDER ADOPTING REPORT AND RECOMMENDATION - 5

In sum, the Court finds that Hagos failed to properly object to the R&R. "Where no objections to the magistrate's report have been filed, the district court may give the review it deems appropriate." *Chea*, 2010 WL 2342542, at *1. After reviewing the record, the Court finds Judge Fricke's reasoning regarding dismissal based on Hagos's ongoing state criminal proceedings persuasive. *See Zuniga v. King Cnty. Sheriff's Office*, C22-0048JLR, 2022 WL 897609, at *2 (W.D. Wash. Mar. 28, 2022), *certificate of appealability denied*, 22-35317, 2022 WL 19569065 (9th Cir. Nov. 21, 2022) (stating petitioner did not "raise specific objection to Magistrate Judge Peterson's recommendation for dismissal based on the overlap between his petition and his ongoing criminal proceedings in state court . . . Thus, the court need not review Magistrate Judge Peterson's recommendation for dismissal on that basis de novo.") (citing *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003)).

Finally, Judge Fricke recommended that this Court deny a Certificate of Appealability. Hagos was required to make a "substantial showing of the denial of a constitutional right." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (citations omitted). In his objection, Hagos failed to address whether a Certificate of Appealability should be issued. *See* Dkt. No. 11. The Court agrees with Judge Fricke that no reasonable jurist could find that Hagos has demonstrated constitutional claims that are "adequate to deserve encouragement to proceed further" considering the *Younger* abstention doctrine and Hagos's failure to exhaust state remedies. *Id*. (citations omitted). For these reasons, the Court denies a Certificate of Appealability.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

It is so ORDERED.

Dated this 27th day of September, 2023.

                                            Jamal N. Whitehead
                                            United States District Judge